UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | | |
|---|---|---|
| CHARRON DETRAIL BUTTS, | ) | |
| Petitioner, | ) | Civil Action No. 7: 21-097-WOB |
| v. | ) | |
| HECTOR JOYNER, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Charron Detrail Butts is an inmate at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Butts filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the imposition of disciplinary sanctions against him arising from an alleged assault at another federal prison. [*See* R. 1]. The Court has fully reviewed Butts's petition, as well as the Respondent's response [R. 7] and supporting evidence [R. 7-1]. Thus, this matter is now ripe for a decision.

Butts has not shown that he is entitled to a restoration of the good conduct time that he lost. As an initial matter, Butts has not demonstrated in any clear way that he was denied the various procedural protections that he was due. Under the law, Butts was entitled to advance notice of the charge against him, the opportunity to present evidence and witnesses in his defense, and a written decision explaining the grounds used to determine his guilt. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).

Here, the record reflects that Butts received each of these procedural protections. Indeed, as the Respondent has established, Butts received notice of the assault charge against him on August 20, 2020, well in advance of both an August 26, 2020 unit disciplinary committee hearing

and a September 2, 2020 hearing before a disciplinary hearing officer (DHO).  [*See* R. 7 at 2-3; *see also* R. 7-1 at 3-5].  The Respondent has also demonstrated that Butts was given the opportunity to present evidence and witnesses in his defense; in fact, the record indicates that Butts waived his right to a staff representative and presented no documentary evidence in his defense but did call his cellmate as a witness.  [*See* R. 7 at 3-4; *see also* R. 7-1 at 5-6].  The record also shows that prison officials provided Butts with a written decision thoroughly explaining the grounds used to determine his guilt.  [*See* R. 7 at 4; *see also* R. 7-1 at 5].  Thus, Butts has not established that his due process rights were violated.

The only remaining question then is whether there was "some evidence" in the record to support the DHO's decision in this case.  *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F.3d 554, 558-59 (6th Cir. 2013).  This is a very low threshold.  After all, the Court does not examine the entire record or independently assess the credibility of witnesses.  *Hill*, 472 U.S. at 455.  Instead, the Court merely considers "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board."  *Id.* at 455-56 (emphasis added); *see also Higgs v. Bland*, 888 F.2d 443, 448-49 (6th Cir. 1989) (discussing this standard).

In this case, there was certainly some evidence in the record to support the DHO's decision.  Indeed, the DHO's report details the evidence in this case linking Butts to the offense in question, including but not limited to the incident report, a special investigative service investigation, certain photographs, medical assessments, Butts's own statement, and the witness's statement.  [*See* R. 7-1 at 5, 20-21].  This evidence was clearly enough to meet the very low threshold applicable here.  *See Hill*, 472 U.S. at 454.

In conclusion, Butts has not demonstrated that he was denied the procedural protections he was due, and there was more than enough evidence to support the DHO's decision in this case. Accordingly, it is **ORDERED** as follows:

1. Butts's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This 15th day of March, 2022.



Signed By:
*William O. Bertelsman*
United States District Judge